Case 15-6353, USA versus 1308 Selby Lane, Knoxville, Tennessee, et al. Oral argument not to exceed 15 minutes per side. Mr. Daniel Sanders for the appellant. Good morning, Your Honors, and may it please the Court, my name is Daniel Sanders for Knoxville Bar and Deputy Law Director for Knox County, Tennessee, and at this time I'd like to reserve five minutes for a vote. Thank you. Your Honors, the big picture in this case is that we all agree that the property should be sold. Before you get into that too much, do we have a jurisdictional problem here? You're representing Knox County? Yes, Your Honor. And your client never filed a motion intervening on intervening in court law. Is that right? Yes, Your Honor. That is correct, Your Honor. So we don't have, doesn't that mean we don't have jurisdiction at the end of time in this claim? Well, as there's no subject matter jurisdiction here? Well, we certainly are not required to raise that issue below and this court could very well enter that, arrive at that conclusion and dismiss the case for lack of subject matter  Or we can raise jurisdictional issues if that is what you're asking. Well, the county would agree if the court decides to arrive at that conclusion. However, we have filed a joint motion in this case that would transfer our lien to the proceeds of the sale. So we're really here to discuss what amount of the escrow funds Knox County should be entitled to on remain. Well, an authority's agreement cannot give a subject matter jurisdiction. So unless Judge Clay's concerned, you know, answer the name.  He's asking for an explanation as to how it would do after. Well, I would argue the jurisdiction of the district court requires at the very least notice to potential claimants. And that's a matter that we have raised. This is not a challenge to the United States sovereign immunity when all claimants have notice. This is a disagreement about the process by which we should arrive at authorizing the sale and the timing of the sale and whether that sale should be conducted before or after the final order of forfeiture. I'm going to go to Reno v. Ortez, which is a Supreme Court case. I'm going to file this to a lawsuit that those properly, that properly become parties may appeal an adverse judgment. And that's exactly what you're attempting to do. And there's never been a motion in a lien either at the district court or the foreman which would suggest that you're out of line. Well, Your Honor, I believe I've misunderstood the court's angle with subject matter jurisdiction. The court below has initial subject matter jurisdiction to consider forfeitures of real property. Another issue in this case is whether that consent order and entry to forfeiture that was entered by the district court in 2012 can be enforced in East Knox County. You know, there's several procedural errors that the court made in arriving and entering the 2012 meeting. Order, Reno? You can't. No, Your Honor. There's no way you can bring some kind of direct appeal of the forfeiture order that was entered in 2013 or whatever it was. Well, under 60B-4, Your Honor. I mean, you might argue you can appeal a denial of your 60B-4 motion. Right. That's what we've done. Right. There's no way you can bring some sort of direct appeal of the 2013 motion. Well, we've appealed our 60B-4 motion. And my understanding of the case law on that point is that we filed a 60B-4 motion, and that brings up the validity of the consent order that was entered in 2012. Well, usually 60B motions are filed by parties to the case. Right. What's curious here is that, I guess, as Judge Blake points out, we did not meet, I guess. Well, we did not otherwise form a party. Well, the only way that Knox County could have become a party, and the forfeiture statutes – the forfeiture statute used that word to refer to claimants. And there's no dispute that Knox County is a claimant in this case. In fact, the United States footnotes that as a correction to this case that we're a defendant, we should be entitled to a claimant status. So we are a person within the forfeiture statute. The only way that we've been able to become a party is if we were to receive notes. You didn't follow a statutory intervention procedure either. You could have become a party by statutory intervention by filing a verified claim stating in your interest in property number 4634, which you didn't want to have either. Well, Your Honor, I respectfully request that the Court of Appeals interpret Knox County's motion, Rule 60B-4 motion, as a claim and as an intervention in this action together with the… Well, we can't create a status of an individual party if you didn't take the appropriate steps. And there is a case – there are several cases that talk about statutory intervention, but you didn't follow that either. Well… And we also have… Well… But we also have a problem that the Notice of Appeal has some kind of… If we have time, we can get into that, but… Well, Your Honor, to your point, I believe, and I believe the law supports this, that with the United States' responsibility to send notice directly to potential claimants and Knox County's motion, which essentially sets forth all the requirements of the claim, should be construed by this Court as an intervention or an initial claim. No, that doesn't do it. So I'm speaking only for myself. That's not a substitute for the procedure of being a constitutional body in this case. Well, Knox County had that. Knox County was entitled to notice in this case. Well, that goes to the merits of the case. That goes to your due process claim and your due process argument and all that. It does. So that's not what we're talking about right now. No, but I would like to say I would submit that the joint motion together with the… together with the Knox County Rule 60B-4 motion set forth all the necessary requirements if Knox County… when Knox County received notice in 2014 that it was entitled to be a party to this forfeiture action. I thought you got notice of the final forfeiture order in April of 2013. And that goes to Judge Clay's point about time limits. Is that true, what I just said? Well… I mean, if you can give me a yes or no and then say whatever you want. No, that is not true. You mentioned the 2013 letter sent from the United States government to the property tax assessor. Of Knox County. Of Knox County. It would seem like the appropriate person to get notice of a matter concerning property tax. Well, the property assessor is not a lawyer. The property assessor is not the mayor. We consider that the mayor is the proper person to receive notice on behalf of Knox County. So you think it was the wrong person? Well, the letter… Yeah, it definitely was the wrong person. The letter doesn't mention Knox County's right to file a claim. It doesn't mention the right to appeal. There's no complaint for… Okay. I think I understand where you're going. Just in the very short time you have. You know, on the merits, if you had gotten the notice at the time you say you should have gotten it, I don't see how anything would change. And to be candid with you, I think your section of the brief would sort of say, well, we could have worked out some alternative arrangement. It's just conclusory. And the United States could have sat on this as long as they wanted. They were entitled to take it. And once they take it, I mean, you don't have any entitlement to keep getting taxes. I mean, it took me about a brief and a half to figure out. We're talking about two years of property taxes after the forfeiture, not the monies that were owed before. Yes, Your Honor, and I see that my time is about to expire now. When are you going to ask me? The United States Supreme Court, and we cited this case in our brief, 92 Buena Vista Avenue, 507 U.S. 111. That's a 1993 United States Supreme Court case. And that court held that the United States must allow an innocent owner, such as Knox County, to assert the innocent owner defense before, and it emphasized the word before, property vests in the United States. The government cannot profit from forfeiture until the innocent owner has a chance to vote on the innocent owner defense. Knox County never had that right. Has he ever had it? If you've got it, I don't see how anything changes. But you've got a lot of rebuttals coming, so you can – I mean, you can think about that, but I don't see how anything changes.  Thank you. Thank you. Good morning, Your Honors, and may it please the Court. This case is about whether a local taxing authority can unravel a final judgment in order to control the disposition of real property that is owned by the United States. At the heart of Knox County's appeal is whether Knox County can protect a future interest in collecting taxes. Here, the district court ordered exactly what Knox County had a legal, cognizable interest in, a pursuit to protect the unpaid taxes that were owed on that property at the time of the forfeiture proceedings. And did the United States pay those? We – they were awarded. The county has not yet – Collected? Correct. Okay. They are still in Escrow County. Okay. Along with the rest of the – So the United States has offered to pay all the outstanding taxes and balances and interest and everything up to the date of the forfeiture? Correct, Your Honor. The district court ordered the unpaid taxes up through the date of the final order of forfeiture, which includes interest, so Knox County would get the present value of its lien against that property up through the date of the final order of forfeiture. And Your Honors are correct that nothing would change. If the United States had sent direct notice to Knox County and Knox County filed a timely claim, the United States would have protected that claim, would have agreed to the claim, and the judge would have ordered exactly what it did here, all of the amount of that unpaid taxes. Knox County does not have a cognizable interest in future taxes. The option to collect taxes is a hypothetical option, and the district court recognized that there is no right to collection of future taxes. The right of a forfeiture claimant is the present interest and the actual interest that is cognizable under the forfeiture statutes. I guess they would have wanted the property somehow to remain in private hands so they could continue to get property taxes. Yes, I believe so. Does the United States have any obligation to do one thing or another with the property once it's entitled to forfeiture? No, Your Honor. I don't believe the government has any obligation to do that. The remedies suggested by Knox County in their brief pursuant to 983D and Rule G-7 suggest a right to an interlocutor sale or a right for real property to retain in private hands. Those remedies are discretionary at best, and only if they don't violate other provisions of forfeiture laws. For example, in Section 985 of Title 18, the court is warned that in order to dispose of property before the forfeiture is final, it should also take into consideration residents of real property in specific, whether or not that would displace them and whether that would be appropriate pre-forfeiture. So Knox County's attempt to use a pre-judgment remedy to address what is essentially a post-judgment complaint should fail. And the district court recognized the failure of that argument, and so should this court. To be extended, Knox County argues that the United States' failure to achieve direct notice of the forfeiture proceedings somehow constitutes a due process error in any way. The United States would argue that the failure to provide direct notice here was not an error. The interests that are afforded in 983D and the interests that are protected by the United States' previous pattern of practice of recognizing in full liens up through the date of the final order of forfeiture were sufficient to address any concerns Knox County would have. Their tax lien pursuant to state law is afforded super priority. So even state law protects Knox County's current interest, and that is the interest in the unpaid taxes at the time of the forfeiture proceedings and through the date of the final order of forfeiture. Once a final order of forfeiture is obtained, the United States, by law, must sell that property. In fact, once a final order of forfeiture is obtained, other statutes in Title 28 demand that a sale occur. The United States, in fact, in this case, as Judge Ketledge suggested earlier, possible remedies of keeping in private liens, that was actually contemplated in this case and was part of the consent order. The parties had actually had a tentative agreement pursuant to approval by the Attorney General, which was ultimately not obtained here, to have the real property be transferred to the victim in the case. The victim was a company named Scan Carbon. Scan Carbon lost $6 million as a result of the criminal defendant's actions, and the real property had issued here worth just over $1 million. The funds from the sale of the property were to be restored to the victim. And in an effort to make that process faster, the United States actually made an agreement to turn the real property over. But as it turned out, that remedy couldn't be accomplished post-forfeiture because of the requirement that the property be sold by the U.S. Marshal Service or the U.S. Treasury, depending on the seizing agency. Let me ask you this. What about the failure of the county to file a verified claim with the district court on January 18, 2011, which would have been 60 days after the Internet publication? I don't see that the county provided any excuse for failing to do so. That would seem to pose a problem with the county prevailing here as well. Do you have anything to say about that? Yes, Your Honor, and I agree. I think that Knox County's failure to file a claim ultimately is a dispositive of their appeal. However, I think Knox County's argument is that we didn't provide direct notice. And under the statutes, direct notice should be afforded to lien holders and innocent owners and other people with potential interest. The pattern of practice in our district was to summarily recognize in accordance with state law the full amount of the unpaid taxes up through the final order of forfeiture. As a result, the United States was in the pattern and practice of not providing direct notice to taxing authorities. This had not been objected to at any point prior to the sale of this real property at issue in this case. The notice would come, I guess, after the final forfeiture order. Correct. Typically, if, for example, a mortgage company. In a typical case, a mortgage company would be a secure creditor, and they would get notice of the commencement of the forfeiture proceedings. So once we file our complaint, the complaint would be part of the notice. They would be entitled to notice before the final order of forfeiture. Why treat the county differently? We treat the county differently because of the super priority status that state law affords them, and for practical reasons. Because state law allows them super priority over all other lien holders. They are to get paid at the sale of the real property. Yeah. I mean, wouldn't it hurt just to get a notice anyway so you don't have to come and argue in the Sixth Circuit about it? Absolutely, Your Honor. And subsequent to that, the United States, I can offer, has provided direct notice of forfeiture proceedings. And also, I would note that the Department of Justice has solidified policy, and that's in the government's brief as well. A recent policy of summarily providing direct notice to tax authorities. Was this, I'm just curious, some extremely valuable piece of property so that two years of property taxes after the forfeiture would really be something worth litigating a great length about? A great length, I would say no. This real property was valued very highly for our district. Knox County, a $1 million piece of property, is a highly valuable piece of property. Okay. So there were tax, I believe based on the tax notices that were provided by Knox County in their briefings with the district court, somewhere in the area of $6,000 of property taxes for 2014 and 2015. If there are no other questions, I yield my time. Thank you. I just want to ask you, assuming hypothetically that you prevail in this case, what does Big Tree look like for Knox County? Well, Big Tree looks like revams to the district court for determination based on appropriate legal principles about what Knox County's tax loan secures. At the time of the entry of the final order of forfeiture, a valid final order of forfeiture that adequately accounts for Knox County's interest in its tax loan. At the time the court entered into 2012 final order of forfeiture, it had no idea of Knox County's tax loan. In fact, the United States had intentionally not sent direct notice to Knox County and then made a misrepresentation to the court. But you're not asserting that Knox County's interest is anything beyond those taxes, interest, and penalty. You're concerned about when the curtain comes down on the tax liability. Is that right? We're concerned about getting notice of forfeiture actions. And we didn't know about the Department of Justice change in policy, in internal policy, until May of 2016. So it would be a case other than just this one because counsel for the United States says that there's a policy now to give direct notice to the state and its municipal person. Denying Knox County relief in this case would deny Knox County due process of fundamental fairness to the same extent it was denied by the former process or by the former procedure. If this court fails to order or fails to rule that Knox County is entitled to notice, the Department of Justice could simply change its policy back and deny Knox County the notice. And I really want to get to the crux of what Knox County could have done had it had proper notice. Before you go into that, the record seems to indicate that Knox County received notice of the foreclosure on April 7, 2013. But you didn't file your 60-B motion until 20 months later. What's the explanation for that? As we discussed earlier, the tax assessor is not the proper person to receive notice on behalf of Knox County. And it's not just that the tax assessor is not the proper person. The letter itself, we would assert, is a continuation of the unlawful pattern of practice that the United States observed to deny Knox County notice in the first place. Well, if the tax assessor doesn't seem like a bad place to give notice, who is it that you think should have been given notice of Knox County? Well, when we cited the statute in our reply brief, the Knox County mayor is the custodian of all county property. And he is also, by the same statute, the general agent of Knox County. So you think there was a – you're not saying there was a legal requirement to give notice to the mayor, are you? In forfeiture actions, yes, Your Honor. There is a requirement under, definitely, Supplemental Rule G to give direct written notice to all potential claimants. But the question is, I mean, they gave notice to the county. You're just saying to the wrong person. It's not Rule G that you can cite for you have to send notice to the mayor rather than the tax assessor. Well, you know, we would submit that that is – that letter itself is not notice. The tax assessor, who is responsible for basically an administrative function in the county to assess taxes, received that letter. And it should – the tax assessor should be entitled to rely on a letter that they received from the United States government. I can more easily see a case where they send it to the mayor and the county comes and says, you have to send it to the tax assessor. That's who this is – whose responsibility this matter is. Well, let's consider the face of the letter. The letter tells the tax assessor that you don't have any rights, essentially. The only thing that you can do is waive these taxes back seven months to the entry of this final order of forfeiture. The tax assessor is not an attorney. Yeah, well, just real quick. You said the district court should have considered the county's interest in a lien. But a lien is by inherently retrospective. Taxes that are accrued to that point, that's all that a lien goes to. A lien – you don't have a lien on future taxes that have never been accrued. And that may never be accrued because somebody else might own it. And so even if we go back in time and the court says, okay, I'm going to consider your lien. A lien just means, okay, pay me the amount of a lien. Well, two points there, if I may, real quickly. One, the United States doesn't invest – the title doesn't invest to the United States until we have a right to assess the interest – assert the interest. Your lien is retrospective, but go ahead. Two, stating that the county tax is retrospective, respectfully, Your Honor, I think misunderstands state tax law. And interest and forfeiture actions are established by tax law. The county's lien arises January 1st of every year. And at that time, it's security taxes that are owed to the county the entire year. And it arises automatically. It's perfected without any further action. So at any point in the year, the United States seeks entry of a fine order of forfeiture. It's not going to help you in year one and two. But, no, I understand your point, and I get your point on both of those. And I appreciate your patience with all of them. I'm unclear about what the court means by year one and two. The two points you just made. I mean, I understand your answer to my question. Okay. And we're out of time, so I want to take up more time. Consider cases submitted. And thank you for your audience. All right. I believe I have a minute and 29 seconds. Your red light is on. It's over. It's over. I apologize, Your Honor. It's okay. I'm sorry. Thank you. Thank you very much. And you may call the next case.